# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# WASHINGTON D.C.

———————————————

| | |
|---|---|
| East West Mortgage )<br>1568 Spring Hill Road )<br>Mclean, VA 22102, )<br><br>Hernan Uribe Ruiz )<br>1900 South Eads Street )<br>Arlington VA 22202 )<br>)<br>)<br>   Plaintiffs )<br>)<br>) | Case No. _____ |
| )<br>United States Embassy in Colombia, )<br>United States Ambassador, WILLIAM B.<br>WOOD, Consul General for U.S. Embassy<br>In Colombia, RAYMONS G. McGRATH,<br>Consul, GREGORY SEGAS )<br>)<br>   Defendants ) | |

———————————————

## PLAINTIFFS' PETITION FOR MANDAMUS

COMES NOW Hernan Uribe Ruiz and East West Mortgage, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court to following:

1.      This action is brought against the Defendants to compel action on an application for an

H1b Specialty Occupation Visa properly filed by the Plaintiffs, approved by US

Citizenship and Immigration Services and forwarded to the US Consular Post in Bogota

1

Colombia for issuance of a visa. The application was filed and remains within the jurisdiction of the Defendants, who have apparently improperly refused to issue the visa and refused to issue any form of decision or correspondence to present counsel and above referenced plaintiffs.

**PARTIES**

2.    Plaintiff East West Mortgage, the nation's 5th largest mortgage broker is headquartered in Mclean Virginia and currently employs nearly 500 employees including a growing contingent of bilingual loan officers.  They petitioned Mr. Uribe Ruiz as they have several dozen times with other workers to obtain a specialty occupation visa as a loan officer.  The petition was approved by United States Citizenship and Immigration Services (hereafter "USCIS") and Mr. Ruiz' employment commenced in 2005.  In April of 2006, Mr. Ruiz traveled to Colombia and attended an interview at the US Embassy in Bogota Colombia to obtain issuance of his visa based on the petition previously approved by USCIS.  The consular officer apparently took issue with the specialized nature of the petition and informed Mr. Ruiz his visa would be denied.  The officer did not issue a written denial notice to present counsel or any parties and did not reference a specific rationale or basis of law for denying the visa.  Counsel attempted several times to speak to the Nonimmigrant Visa unit section of the US embassy in Colombia but was never put through to a consular officer.  Counsel sent a fax requesting a denial notice to the US Embassy (attached herewith) as well as two email inquiries and additional phone requests all in vain.  Counsel finally contacted the Department of State Advisory (hereafter "DOS") unit via email and was first told that no final determination had been rendered. Another email followed from DOS stating that USCIS disagreed with DOS about

2

whether the occupation was a specialty occupation and counsel was informed the petition was "on hold for the moment."

3.    Defendants are Department of State representatives currently employed at the US embassy in Colombia.

## JURISDICTION

4.    Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701, 5 USC §702 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## LEGAL THEORY

5.    **A. STANDING**

"Standing involves both constitutional requirements and prudential limitations."[1] Article III dictates the constitutional requirements of standing.[2]  The prudential limitations are rules of self-governance derived from the Supreme Court's requirement that Congress make its intention clear before the Court will construe a statute to confer standing on a plaintiff.[3]

## 1. CONSTITUTIONAL REQUIREMENTS

---

[1] United States v. Mindel, 80 F.3d 394, 396 (9th Cir. 1996) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)).
[2] Id.

Constitutional standing contains three elements: (1) plaintiff must have suffered an injury in fact; (2) the injury must be fairly traceable to the challenged action by the defendant; and (3) it must be likely that the injury will be redressed by a favorable court decision.[4] In the present case, there has been substantial economic injury to both plaintiffs as the absence of Mr. Ruiz has resulted in estimated loss of sales for East West Mortgage exceeding $100,000 based on past and projected earnings.

### a. INJURY IN FACT

It is well settled that an injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. . . ."[5] Plaintiff East West Mortgage clearly has standing in the present case because it has a cognizable injury in fact which is the loss of one of their top producers.  The loss of sales not generated by Mr. Ruiz over the past few months due to consular inactivity is growing with each passing day.[6] Due to the uncertainty of Mr. Ruiz' status, East West Mortgage is unable to assign future marketing targets to him and should the visa ultimately be denied, faces the loss of several years of loan origination income from Mr. Ruiz.[7] It is our contention that East West Mortgage has

---

[3] Id.
[4] Lujan, 504 U.S. at 560-61
[5] Id.
[6] See Sec'y of Labor v. Farino, 490 F.2d 885, 889 (7th Cir. 1973) ("It is clear that [plaintiff-employers] have adequately alleged that they will be economically injured if not permitted to employ these aliens."); Encuentro Del Canto Popular v. Christopher, 930 F. Supp. 1360, 1370 (N.D. Cal. 1996) (recognizing that "[t]he harm which confers standing upon [the plaintiff-organizations] is the denial of the opportunity to associate with the excluded members," but denying mandamus relief on other grounds)
[7] See Ass'n of Data Processing v. Camp, 397 U.S. 150, 152, 25 L. Ed. 2d 184, 90 S. Ct. 827 (1970) (finding "future loss of profits" satisfied injury in fact requirement in an APA mandamus action).

unequivocally established a concrete, cognizable injury in fact.[8]

## b. FAIRLY TRACEABLE

The Plaintiffs in the present case state that the consulate has unreasonably failed to notify them or counsel of record of the status of their visa petition and has unreasonably delayed the processing of Mr. Ruiz' visa application.  Compliance with Article III thus seems established. Article III "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court."[9]

"[I]t is uncontested that only the State Department consular officers have the power to issue visas."[10] Any delay in processing Plaintiffs' visa applications is therefore traceable solely to the consular officials and not to any other third party.

## c. REDRESSABILITY

The last prong into the inquiry of standing, redressability, requires a court to determine whether it possesses the ability to remedy the harm that a petitioner asserts.[11]  Plaintiffs here are seeking a writ of mandamus directing the consular officials to make a final decision on Plaintiffs'

---

[8] Cf. Soltane v. United States Dep't of Justice, 381 F.3d 143, 145 (3d Cir. 2004) (implicitly recognizing standing of plaintiff-organization, on behalf of alien employee, in action seeking review of visa denial); cf. Sierra Club, 405 U.S. 727, 733-34, 31 L. Ed. 2d 636, 92 S. Ct. 1361 ("Palpable economic injuries have long been recognized as sufficient to lay the basis for standing, with or without a specific statutory provision for judicial review.").
[9] Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 41-42, 48 L. Ed. 2d 450, 96 S. Ct. 1917 (1976).
[10] Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997) (citing 8 U.S.C. §§ 1101(a)(9), (16); 1201(a)).

visa applications. Under 22 C.F.R. § 42.81(a), the consul is required to make a final decision on all visa applications.[12] Plaintiffs' visa application has been pending for several months when in fact prima facie evidence of eligibility in the form of an approved petition from USCIS was in the record and should have led to a relatively expedited visa issuance. The government will likely premise their main argument in seeking to dismiss the present suit on the doctrine of consular nonreviewability. Several arguments stand in the way of this contention namely that there were and continue to be procedural due process violations in the present case as the US Embassy continues to refuse to address any correspondence to the Petitioning company or present counsel, refuses to inform us of any additional information which could expedite issuance of the visa and refuse to inform the Plaintiffs of the basis for the delay in issuing the visa. The requirements regarding procedure as delineated in the Code of Federal Regulations are unequivocal in stating that consular officers are required to inform the unsuccessful applicant "of the provision of law or implementing regulation on which the refusal is based," and of any statutory provisions under which administrative relief may be available.[13] These requirements were not met here and after 3 months of phone calls, emails and faxes, not an iota of information has been made available to plaintiffs or counsel from the part of the US Embassy. Plaintiffs seek to compel the consul to make a decision and inform all parties.

While the primary purpose of this writ is to compel action and hence the doctrine of consular nonreviewability should not be invoked as no discretionary decision is being challenged, the Plaintiffs reserve the right to challenge any future decision if a denial is ultimately issued on illegitimate grounds or in bad faith as a response to the present writ. Given the guidance found in the Foreign Affairs Manual for h1b petitions which have been approved by USCIS and the

---

[11] See Citizens for Better Forestry v. U.S. Dep't of Agric., 341 F.3d 961, 969-70 (9th Cir. 2003)
[12] See 22 C.F.R. § 42.81(a); Patel, 134 F.3d at 932 ("A consular office is required to act on visa applications.")

fact that the only issue at the consular interview seemed to have been relating the proffered

occupation, a denial would seem highly dubious absent any "specific evidence" newly

discovered by the consular officers.[14]  Counsel is aware of the well established precedent dealing

with consular nonreviewability but the exercise of power by consular officers falling under the

executive branch was not deemed by the Supreme Court to be universally unrestricted by judicial

review.  In Kleindienst v. Mandel, 408 U.S. 753 (1972), the Supreme Court once again expressed

the traditional deference given to consular determinations but in so doing clearly indicated this

deference was given when decisions rendered were done so on facially legitimate and bona fide

reasons.[15]


## 2. STATUTORY REQUIREMENTS


Section 10(a) of the Administrative Procedure Act grants standing to any plaintiff "suffering

legal wrong because of agency action, or adversely affected or aggrieved by agency action

---

[13] 22 C.F.R. § 42.81(b) (1993).

[14] Foreign Affairs Manual Part 1 §§41.53 N2.1: "Department of Homeland Security Responsible for Adjudicating H Petitions.
By mandating a preliminary petition process, Congress placed responsibility and authority with Department of Homeland Security (DHS) to determine whether the alien meets the required qualifications for "H" status. The DHS regulations governing adjudication of H petitions are complex, and consular officers shall normally rely on DHS expertise in this area."
Foreign Affairs Manual Part 1§41.53 N2.2: "Approved Petition Is Prima Facie Evidence of Entitlement to H Classification
a. An approved Form I-129, Petition for Nonimmigrant Worker, or evidence that the H petition has been approved (an acceptable Form I-797, Notice of Action [see 9 FAM 41.53 N9.1 below], or telegraphic e-mail, or telephonic notification from Department of Homeland Security (DHS) or the Department) is, in itself, to be considered by consular officers as **prima facie evidence** that the requirements for H classification which are examined in the petition process have been met. **Consular officers do not have the authority to question the approval of H petitions without specific evidence, unavailable to DHS at the time of petition approval, that the beneficiary may not be entitled to status.** The large majority of approved H petitions are valid, and involve bona fide establishments, relationships, and individual qualifications that conform to the DHS regulations in effect at the time the H petition was filed." Emphasis added.

[15] "When the Executive Branch exercises their power to exclude an alien on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant." Kleindienst v. Mandel, 408 U.S. 753 (1972)

within the meaning of a relevant statute."[16] The determination to be conducted is "whether the interest sought to be protected by the complainant is *arguably* within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." "Under the zone-of-interests test a litigant lacks [standing] if the plaintiff's interests are so marginally related to or inconsistent with the statute that it cannot reasonably be assumed that Congress intended to permit the suit."[17]

In the present case Plaintiffs East West Mortgage and Hernan Uribe have unequivocally showed that their interests are within the "zone of interests" protected by the statute.  East West Mortgage and Mr. Uribe Ruiz have suffered lost business and continue accruing losses with each passing day precisely because the consul has failed to render a final decision on Mr. Uribe's visa application. The economic injuries experienced by East West Mortgage bolsters its standing.

**B. VENUE**

Venue is proper in the present case as the defendants are officers and employees of the United States acting in an official capacity.[18]

**C. MANDAMUS**

The Mandamus and Venue Act of 1961 confers upon district courts original jurisdiction of "any action . . . to compel an officer or employee of the United States or any agency thereof to

---

[16] 5 U.S.C. § 702.
[17] Clarke v. Securities Indus. Ass'n, 479 U.S. 388, 399, 93 L. Ed. 2d 757, 107 S. Ct. 750).
[18] 28 USCS §1391(e)(1)

perform a duty owed to the plaintiff."[19] Mandamus will lie if a plaintiff can demonstrate that the government official or agency has not performed a "clear nondiscretionary duty" owed to the plaintiff.[20]

Under the Code of Federal Regulations, 22 C.F.R. § 42.81(a), the consul is required by law to make a final decision on all visa applications. 22 C.F.R. § 42.81(a) expressly requires that "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer *must either issue or refuse the visa* under INA 212(a) or INA 221(g) or other applicable law." (emphasis added). Section 42.81(a) goes on to provide that "[e]very refusal must be in conformance with the provisions of 22 CFR 40.6.

Here, Plaintiffs simply seek to compel the consul to render a final decision on Plaintiffs visa application which is mandated under § 42.81(a). Plaintiffs' visa applications have been pending for several months with no decision and no contact whatsoever.  Plaintiffs' claim here is clear and certain, and the consul's nondiscretionary, ministerial duty is plainly prescribed. Furthermore, Plaintiffs have no other means to compel the United States consul to make a decision.

**EXHAUSTION OF REMEDIES**

Plaintiff has exhausted their administrative remedies. Plaintiff has, through her attorney, made numerous inquiries concerning the status of the applications to no avail.

---

[19] 28 U.S.C. § 1361.
[20] Briggs v. Sullivan, 886 F.2d 1132, 1142 (9th Cir. 1989).

## PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    requiring Defendants to adjudicate Plaintiff's application for issuance of an H1b visa;

(b)    granting such other relief at law and in equity as justice may require.

Germaine Sobral, Esq.
DC Bar No. 361476
5693 Columbia Pike, Suite 201
Falls Church, Virginia 22041
(703) 820 0550 Ext. 12

## CERTIFICATE OF SERVICE

I hereby certify that on July 21st 2006, I caused the foregoing brief and all accompanying documents to be served by overnight courier certified mail upon:

> Kenneth L. Wainstein USA
> Judiciary Center Building
> 555 Fourth Street N.W.
> Washington DC 20530
> (202) 514 7566

Jovette Dialla                                    Date 07/21/06

12

## LIST OF ATTACHMENTS

*Exhibit Description*

1.  Approval Notice from US Citizenship & Immigration Services granting
    H1b status.                                                          P.  14

2.  Copy of correspondence sent to the US Embassy in Colombia.          Ps. 15-22

3.  Copy of e-mail correspondence from Department of State Advisory     Ps. 23-31
    Opinion Unit

Immigration and Naturalization Service

Notice of Action

## UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I129 |
|---|---|---|
| EAC-05-179-51935 | | PETITION FOR A NONIMMIGRANT WORKER |
| RECEIPT DATE | PRIORITY DATE | PETITIONER |
| June 9, 2005 | | EAST WEST MORTGAGE |
| NOTICE DATE | PAGE | BENEFICIARY |
| June 14, 2005 | 1 of 1 | URIBE RUIZ, HERNAN |

XIVIER RACINE
MONTAGUT & SOBRAL P C
5693 COLUMBIA PIKE SUITE 201
FALLS CHURCH VA 22041

Notice Type:  Approval Notice
Class: H1B
Valid from 10/01/2005 to 09/30/2008

The above petition and change of status have been approved.  The status of the named foreign worker(s) in this classification is valid as indicated above.  The foreign worker(s) can work for the petitioner, but only as detailed in the petition and for the period authorized.  Any change in employment requires a new petition.  Since this employment authorization stems from the filing of this petition, separate employment authorization documentation is not required. Please contact the IRS with any questions about tax withholding.

The petitioner should keep the upper portion of this notice.  The lower portion should be given to the worker.  He or she should keep the right part with his or her Form I-94, *Arrival-Departure Record*.  This should be turned in with the I-94 when departing the U.S.  The left part is for his or her records.  A person granted a change of status who leaves the U.S. must normally obtain a visa in the new classification before returning.  The left part can be used in applying for the new visa.  If a visa is not required, he or she should present it, along with any other required documentation, when applying for reentry in this new classification at a port of entry or pre-flight inspection station.  The petitioner may also file Form I-824, *Application for Action on an Approved Application or Petition*, with this office to request that we notify a consulate, port of entry, or pre-flight inspection office of this approval.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
 IMMIGRATION & NATURALIZATION SERVICE
 VERMONT SERVICE CENTER
 75 LOWER WELDEN STREET
 SAINT ALBANS VT 05479-0001
 **Customer Service Telephone: (800) 375-5283**
Form I797A (Rev. 09/07/93)N

PLEASE TEAR OFF FORM I-94 PRINTED BELOW, AND STAPLE TO ORIGINAL I-94 IF AVAILABLE

---

Detach This Half for Personal Records

Receipt # EAC-05-179-51935
I-94# 713789203 09

NAME URIBE RUIZ, HERNAN
CLASS H1B

VALID FROM 10/01/2005 UNTIL 09/30/2008

PETITIONER: EAST WEST MORTGAGE
            1568 SPRING HILL ROAD 100
            MCLEAN VA 22102

**713789203 09**

 Receipt Number EAC-05-179-51935
Immigration and
Naturalization Service
I-94
Departure Record        Petitioner: EAST WEST MOR

| 14. Family Name | | |
|---|---|---|
| URIBE RUIZ | | |
| 15. First (Given) Name | | 16. Date of Birth |
| HERNAN | | 11/27/1980 |
| 17. Country of Citizenship | | |
| COLOMBIA | | |

*14*

MONTAGUT & SOBRAL, P.C.
5693 Columbia Pike, Suite 201
Falls Church, Virginia 22041-2864
tel 703/820-0550
fax 703/820-0310



**to:** | Attn: US EMBASSY Bogota Colombia
ATTN: NIV Unit

**fax #:** | (+571) 315-2127

**from:** | Xavier Racine

**date:** | 05/02/2006

**re:** | Re: Hernan Uribe Ruiz
EAC-05-179-51935
H1b Denial

**pages:** | 4, not including this cover sheet

CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED
COMMUNICATION

This facsimile contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile, or the taking of any action in reliance on the contents of this information, may be strictly prohibited by Federal and State law. If you have received this fax in error, please reply indicating the same, and dispose of the contents of the fax message.

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearance - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: I-129 H1b1 Application | Date  / / |
| | File No.  n/a |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| Name | ☐ Petitioner | ☐ Applicant |
| Hernan          URIBE RUIZ | ☒ Beneficiary | |

| Address  (Apt. No.)     (Number & Street) | (City) | (State) | (ZIP Code) |
| 1900 South Eads Street | Arlington | VA | 22202 |

| Name | ☒ Petitioner | ☐ Applicant |
| East West Mortgage | ☐ Beneficiary | |

| Address  (Apt. No.)     (Number & Street) | (City) | (State) | (ZIP Code) |
| 1568 Spring Hill Road #100 | McLean | VA | 22102 |

*Check applicable item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
    Massachusetts          Supreme Court of Mass          and am not under a court or administrative agency
                                      *Name of Court*
    order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
    the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☒ 4. Others (Explain fully.)
Concepcion de Montagut     Xavier Racine
Germaine W. Sobral         Julia H. Dickinson
Julia Soininen             Nikolay Iordanov

| SIGNATURE | COMPLETE ADDRESS |
| | Montagut & Sobral P.C. |
| | 5693 Columbia Pike Suite 201 |
| | Falls Church       VA   22041 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Xavier Racine | 703 820 0550 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
    Xavier Racine and/or Montagut & Sobral, P.C.

_____
*(Name of Attorney or Representative)*
*THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

| Name of Person Consenting | Signature of Person Consenting | Date |
| JC Jimenez | | |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09-26-00)Y

## MONTAGUT & SOBRAL, P.C.

ATTORNEYS & COUNSELORS AT LAW

FAX: (703) 820-0310

CONCEPCION DE MONTAGUT ◊
GERMAINE W. SOBRAL ◊

XAVIER RACINE ○
JULIA H. DICKINSON †
JULIE SOININEN □
NIKOLAY IORDANOV △
CAROLE HIRSCH ●

5693 COLUMBIA PIKE, SUITE 201
FALLS CHURCH, VA 22041
(703) 820-0550

† Licensed in MD
○ Licensed in MA
◊ Licensed in VA & DC
□ Licensed in DC
△ Licensed in NY
● Licensed in VA

May 2, 2006

**VIA FAX**
(+571) 315-2127

US Embassy
Attn: **NIV Section**
Calle 22-D Bis # 47-51
Bogotá, D.C., Colombia
Carrera 45 # 22D-45
Bogotá, D.C., Colombia

## Request For Denial Notice and Reconsideration Of Denial

Re: East West Mortgage (Petitioner)
Hernan Uribe Ruiz   (Beneficiary)
EAC-05-179-51935

Dear Consular Officer:

Please note that I represent the above referenced parties in connection with the H1b application submitted on Mr. Uribe Ruiz's behalf (Receipt Number EAC-05-179-51935). Mr. Uribe Ruiz appeared for his interview and was denied the h1b visa after a statement from the consular officer that the position of loan officer did not meet the criteria for a specialty occupation. Mr. Uribe Ruiz was not given a denial notice in writing and given no further instructions or explanations. Please kindly fax a copy of the denial notice to my attention at the fax number listed above and consider reviewing and reconsidering the denial. Please inform me if you would like additional information attesting to the specialized nature of the position. The petitioner is one of the largest mortgage companies in the United States and can document the fact that their loan officers have Bachelor Degrees or 12 or more years experience. Additional documentation confirming the industry standard of requiring Bachelor's Degrees for loan officers can also be provided. The Petitioner has sponsored and intends to continue to sponsor numerous foreign nationals, including several Colombian Nationals, for these positions and any supporting documentation we can provide to confirm the position is indeed a specialized occupation and to help ensure viable consular processing would be gladly proffered.

Page 2

Sincerely,

Xavier Racine

Enclosures:    G-28
                I-797C Receipt Notice

| | |
|---|---|
| RECEIPT NUMBER<br>EAC-05-179-51935 | CASE TYPE  I129<br>PETITION FOR A NONIMMIGRANT WORKER |
| RECEIPT DATE<br>June 9, 2005 | PRIORITY DATE | PETITIONER<br>EAST WEST MORTGAGE |
| NOTICE DATE<br>June 14, 2005 | PAGE<br>1 of 1 | BENEFICIARY<br>URIBE RUIZ, HERNAN |

XIVIER RACINE
MONTAGUT & SOBRAL P C
5693 COLUMBIA PIKE SUITE 201
FALLS CHURCH VA 22041

Notice Type:  Approval Notice
Class: H1B
Valid from 10/01/2005 to 09/30/2008

The above petition and change of status have been approved. The status of the named foreign worker(s) in this
classification is valid as indicated above. The foreign worker(s) can work for the petitioner, but only as detailed in
the petition and for the period authorized. Any change in employment requires a new petition. Since this employment
authorization stems from the filing of this petition, separate employment authorization documentation is not required.
Please contact the IRS with any questions about tax withholding.

The petitioner should keep the upper portion of this notice. The lower portion should be given to the worker. He or
she should keep the right part with his or her Form I-94, Arrival-Departure Record. This should be turned in with the
I-94 when departing the U.S. The left part is for his or her records. A person granted a change of status who leaves
the U.S. must normally obtain a visa in the new classification before returning. The left part can be used in applying
for the new visa. If a visa is not required, he or she should present it, along with any other required documentation,
when applying for reentry in this new classification at a port of entry or pre-flight inspection station. The
petitioner may also file Form I-824, Application for Action on an Approved Application or Petition, with this office to
request that we notify a consulate, port of entry, or pre-flight inspection office of this approval.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479 0001
Customer Service Telephone: (800) 375-5283
Form I797A (Rev. 09/07/93)N

PLEASE TEAR OFF FORM I 94 PRINTED BELOW, AND STAPLE TO ORIGINAL I-94 IF AVAILABLE

Detach This Half for Personal Records

Receipt # EAC-05-179-51935
I-94# 713789203 09
NAME URIBE RUIZ, HERNAN
CLASS H1B

VALID FROM 10/01/2005 UNTIL 09/30/2008

PETITIONER: EAST WEST MORTGAGE
            1568 SPRING HILL ROAD 100
            MCLEAN VA 22102

713789203 09

Receipt Number EAC-05-179-51935
Immigration and
Naturalization Service
I-94
Departure Record    Petitioner: EAST WEST MOR

| 14. Family Name<br>URIBE RUIZ | | |
|---|---|---|
| 15. First (Given) Name<br>HERNAN | | 16. Date of Birth<br>11/27/1980 |
| 17. Country of Citizenship<br>COLOMBIA | | |

19

TRANSMISSION VERIFICATION REPORT

```
TIME   : 05/02/2006 16:38
NAME   :
FAX    :
TEL    :
SER.#  : BROF4J638878
```

```
DATE.TIME              05/02  16:36
FAX NO./NAME           0115713152127
DURATION               00:01:48
PAGE(S)                05
RESULT                 OK
MODE                   STANDARD
                       ECM
```

20

## Xavier Racine

**From:**  Xavier Racine

**Sent:**  Monday, June 05, 2006 10:21 AM

**To:**  'NIVBogota@state.gov'

**Subject:** FW: NIV H1b Denial. Beneficiary: Hernan Uribe Ruiz Petitioner: East West Mortgage

Dear Consular Officer:

I attempted to reach the NIV section via phone today but was informed that email was the preferred form of communication. Please kindly fax at your earliest convenience a copy of the refusal under INA 221(g) in the above referenced h1b application to my attention at (703) 820 0310. Thank you for your time and understanding and I look forward to submitting any further documentation required by your post.
Sincerely,

Xavier Racine Esq.
Montagut & Sobral P.C.
www.mslaw.pro
5693 Columbia Pike Suite 201
Falls Church VA 22041
Phone: (703) 820 0550 Ext 14
Fax:    (703) 820 0310

CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

This email contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email, or the taking of any action in reliance on the contents of this information, may be strictly prohibited by Federal and State law. If you have received this email in error, please reply indicating the same, and delete the message.

**From:** Xavier Racine
**Sent:** Tuesday, May 02, 2006 4:17 PM
**To:** 'NIVBogota@state.gov'
**Subject:** NIV H1b Denial. Beneficiary: Hernan Uribe Ruiz Petitioner: East West Mortgage

Dear Consular Officer:

Please note that I represent the above referenced parties in connection with the h1b application submitted and approved by USCIS on behalf of Hernan Uribe Ruiz.
Receipt Number (EAC-05-179-51935). Mr. Uribe Ruiz appeared for his interview and was denied the h1b visa after a statement from the consular officer that the position of loan officer did not meet the criteria for a specialty occupation. Mr. Uribe Ruiz was not given a denial notice in writing and given no further instructions or explanations. Please review and reconsider the denial and inform me if you would like additional information attesting to the specialized nature of the position. The petitioner is one of the largest mortgage companies in the United States and can document the fact that their loan officers have Bachelor Degrees or 12 or more years experience. Thank you for your time and attention in this matter. The Petitioner has sponsored and intends to continue to sponsor numerous foreign nationals, including several Colombian Nationals, for these positions and any supporting documentation we can provide to confirm the position is indeed a specialized occupation and to help ensure viable consular processing would be gladly proffered.
Sincerely,
Xavier Racine

Xavier Racine Esq.
Montagut & Sobral P.C.
www.montagutandsobrallaw.com
5693 Columbia Pike Suite 201
Falls Church VA 22041
Phone: (703) 820 0550 Ext 14
Fax:    (703) 820 0310

CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

This email contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email, or the taking of any action in reliance on the contents of this information, may be strictly prohibited by Federal and State law. If you have received this email in error, please reply indicating the same, and delete the message.

## Xavier Racine

**From:** Legal, Net [LEGALNET@state.gov]

**Sent:** Tuesday, May 16, 2006 1:26 PM

**To:** Xavier Racine

**Subject:** FW: Request for advisory opinion NIV Unit Bogota Colombia

Dear Mr. Racine:

We are conferring with post and we'll back to you shortly.

LMH
Legalnet
Visa Office

-----Original Message-----
**From:** Xavier Racine [mailto:Xavier@gumo.com]
**Sent:** Friday, May 05, 2006 9:02 AM
**To:** legalnet@state.gov
**Subject:** Request for advisory opinion NIV Unit Bogota Colombia

RE: H1b NIV Application

Receipt Number: EAC-05-179-51935
Petitioner: East West Mortgage
Beneficiary: Hernan Uribe Ruiz
I-129 Approval Date June 14 2005

Dear Sir/Madam:

Thank you for any assistance you can provide regarding the following:
Mr. Uribe Ruiz appeared for an interview at the US Embassy in Colombia with his
approval notice from USCIS and supporting documentation and was denied the
visa solely because the consular officer stated that a loan officer was not a
qualifying occupation for the h1b visa.  There was no issue as to the Beneficiary's
qualifications or other matters. **No denial notice was issued** either to counsel
or to the applicant and attempts to reach the consulate via fax (5713152127) and
email (NIVBogota@state.gov) have not resulted in any responses.  Our firm
handles all the h1b petitions for the Petitioner which is the 6th largest Mortgage
Broker in the United States with a work force nearing 500 employees and a
rapidly expanding team of bilingual loan officers.  We represent numerous
mortgage companies and in literally the hundreds of h1b petitions we have filed,
not once have we seen a determination that a loan officer is not a specialty
occupation.  That having been said, while we feel the need for additional
evidence should not be necessary (as per FAM notes below), we are ready
willing and able to provide any additional documentation to the consulate to
support the specialized nature of the position and offered as much in our
communication attempts.
Thanks again for any support and clarification you can provide as we expect
several dozen h1b consular interviews in this consular post in the coming
months.

41.53 N2.1 Department of Homeland Security Responsible for Adjudicating H Petitions

(TL:VISA-615; 04-28-2004)

By mandating a preliminary petition process, Congress placed responsibility and authority with Department of Homeland Security (DHS) to determine whether the alien meets the required qualifications for "H" status. The DHS regulations governing adjudication of H petitions are complex, and consular officers shall normally rely on DHS expertise in this area.

41.53 N2.2 Approved Petition Is Prima Facie Evidence of Entitlement to H Classification

(TL:VISA-615; 04-28-2004)

a. An approved Form I-129, Petition for Nonimmigrant Worker, or evidence that the H petition has been approved (an acceptable Form I-797, Notice of Action [see 9 FAM 41.53 N9.1 below], or telegraphic e-mail, or telephonic notification from Department of Homeland Security (DHS) or the Department) is, in itself, to be considered by consular officers as **prima facie evidence** that the requirements for H classification which are examined in the petition process have been met. Consular officers do not have the authority to question the approval of H petitions without specific evidence, unavailable to DHS at the time of petition approval, that the beneficiary may not be entitled to status. The large majority of approved H petitions are valid, and involve bona fide establishments, relationships, and individual qualifications that conform to the DHS regulations in effect at the time the H petition was filed.

b. On the other hand, the approval of a petition by DHS does not relieve the alien of the burden of establishing visa eligibility in the course of which questions may arise as to his or her eligibility to H classification. If information developed during the visa interview (e.g., evidence which was not available to DHS) gives the consular officer reason to believe that the beneficiary may not be entitled to status, the consular officer may request any additional evidence which bears a reasonable relationship to this issue. **Disagreement with DHS interpretation of the law or the facts, however, is not sufficient reason to ask DHS to reconsider its approval of the petition.**

Sincerely,


Xavier Racine Esq.
Montagut & Sobral P.C.
www.mslaw.pro
5693 Columbia Pike Suite 201
Falls Church VA 22041
Phone: (703) 820 0550 Ext 14
Fax:    (703) 820 0310


CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

This email contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email, or the taking of any action in reliance on the contents of this information, may be strictly prohibited by Federal and State law. If you have received this email in error, please reply indicating the same, and delete the message.

## Xavier Racine

**From:** Legal, Net [LEGALNET@state.gov]

**Sent:** Monday, June 05, 2006 12:11 PM

**To:** Xavier Racine

**Subject:** FW: Request for advisory opinion NIV Unit Bogota Colombia

Mr. Racine:

We have discussed the matter with the Visa Unit in Bogota and are now conferring with USCIS on a matter of law. We hope to have a final answer shortly.

RMW
Legalnet
Visa Office

> -----Original Message-----
> **From:** Legal, Net
> **Sent:** Tuesday, May 16, 2006 1:26 PM
> **To:** 'Xavier@gumo.com'
> **Subject:** FW: Request for advisory opinion NIV Unit Bogota Colombia
>
> Dear Mr. Racine:
>
> We are conferring with post and we'll back to you shortly.
>
> LMH
> Legalnet
> Visa Office

>> -----Original Message-----
>> **From:** Xavier Racine [mailto:Xavier@gumo.com]
>> **Sent:** Friday, May 05, 2006 9:02 AM
>> **To:** legalnet@state.gov
>> **Subject:** Request for advisory opinion NIV Unit Bogota Colombia
>>
>> RE: H1b NIV Application
>>
>> Receipt Number: EAC-05-179-51935
>> Petitioner: East West Mortgage
>> Beneficiary: Hernan Uribe Ruiz
>> I-129 Approval Date June 14 2005
>>
>> Dear Sir/Madam:
>>
>> Thank you for any assistance you can provide regarding the following:
>> Mr. Uribe Ruiz appeared for an interview at the US Embassy in Colombia
>> with his approval notice from USCIS and supporting documentation and
>> was denied the visa solely because the consular officer stated that a loan

officer was not a qualifying occupation for the h1b visa. There was no issue as to the Beneficiary's qualifications or other matters. **No denial notice was issued** either to counsel or to the applicant and attempts to reach the consulate via fax (5713152127) and email (NIVBogota@state.gov) have not resulted in any responses. Our firm handles all the h1b petitions for the Petitioner which is the 6th largest Mortgage Broker in the United States with a work force nearing 500 employees and a rapidly expanding team of bilingual loan officers. We represent numerous mortgage companies and in literally the hundreds of h1b petitions we have filed, not once have we seen a determination that a loan officer is not a specialty occupation. That having been said, while we feel the need for additional evidence should not be necessary (as per FAM notes below), we are ready willing and able to provide any additional documentation to the consulate to support the specialized nature of the position and offered as much in our communication attempts.

Thanks again for any support and clarification you can provide as we expect several dozen h1b consular interviews in this consular post in the coming months.

41.53 N2.1 Department of Homeland Security Responsible for Adjudicating H Petitions

(TL:VISA-615; 04-28-2004)

By mandating a preliminary petition process, Congress placed responsibility and authority with Department of Homeland Security (DHS) to determine whether the alien meets the required qualifications for "H" status. The DHS regulations governing adjudication of H petitions are complex, and consular officers shall normally rely on DHS expertise in this area.

41.53 N2.2 Approved Petition Is Prima Facie Evidence of Entitlement to H Classification

(TL:VISA-615; 04-28-2004)

a. An approved Form I-129, Petition for Nonimmigrant Worker, or evidence that the H petition has been approved (an acceptable Form I-797, Notice of Action [see 9 FAM 41.53 N9.1 below], or telegraphic e-mail, or telephonic notification from Department of Homeland Security (DHS) or the Department) is, in itself, to be considered by consular officers as **prima facie evidence** that the requirements for H classification which are examined in the petition process have been met. Consular officers do not have the authority to question the approval of H petitions without specific evidence, unavailable to DHS at the time of petition approval, that the beneficiary may not be entitled to status. The large majority of approved H petitions are valid, and involve bona fide establishments, relationships, and individual qualifications that conform to the DHS regulations in effect at the time the H petition was filed.
b. On the other hand, the approval of a petition by DHS does not relieve the alien of the burden of establishing visa eligibility in the course of which questions may arise as to his or her eligibility to H classification. If information developed during the visa interview (e.g., evidence which was not available to DHS) gives the consular officer reason to believe that the beneficiary may not be entitled to status, the consular officer may request any additional evidence which bears a reasonable relationship to this issue. **Disagreement with DHS interpretation of the law or the facts, however, is not sufficient reason to ask DHS to reconsider its approval of the petition.**

Sincerely,

Xavier Racine Esq.
Montagut & Sobral P.C.
www.mslaw.pro
5693 Columbia Pike Suite 201
Falls Church VA 22041
Phone: (703) 820 0550 Ext 14
Fax:    (703) 820 0310

CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

This email contains confidential information which may also be legally
privileged and which is intended only for the use of the addressee(s)
named above. If you are not the intended recipient, or the employee or
agent responsible for delivering it to the intended recipient, you are
hereby notified that any dissemination or copying of this email, or the
taking of any action in reliance on the contents of this information, may
be strictly prohibited by Federal and State law. If you have received this
email in error, please reply indicating the same, and delete the message.

## Xavier Racine

**From:**   Legal, Net [LEGALNET@state.gov]

**Sent:**   Friday, June 16, 2006 9:38 AM

**To:**   Xavier Racine

**Subject:** FW: Request for advisory opinion NIV Unit Bogota Colombia

Dear Mr. Racine:

After having sent the message below, I received conflicting guidance from a different office at USCIS. I am now in the process of trying to iron things out with USCIS. Please consider the petition return on hold for the moment. I will get back to you as soon as possible.

Sincerely,

Bob Settje
Consular Affairs, Visa Office
Legal Advisory Opinions Division
Department of State

> -----Original Message-----
> **From:** Legal, Net
> **Sent:** Friday, June 16, 2006 8:08 AM
> **To:** 'Xavier@gumo.com'
> **Subject:** FW: Request for advisory opinion NIV Unit Bogota Colombia
>
>
> Dear Mr. Racine:
>
> After consultation with USCIS, we are in agreement that the evidence concerning the nature of and requirements for the loan officer position raises a legitimate question about whether it should have been classified as a specialty occupation as defined in the Immigration and Nationality Act. Accordingly, we believe it appropriate for the Nonimmigrant Visa Unit in Bogotá to return the petition to USCIS for review of this issue. Should you wish to offer additional evidence, I would suggest that you direct it to the Vermont Service Center.
>
> Sincerely,
>
> Bob Settje
> Consular Affairs, Visa Office
> Legal Advisory Opinions Division
> Department of State

> > -----Original Message-----
> > **From:** Legal, Net
> > **Sent:** Tuesday, May 16, 2006 1:26 PM
> > **To:** 'Xavier@gumo.com'
> > **Subject:** FW: Request for advisory opinion NIV Unit Bogota Colombia
> >
> > Dear Mr. Racine:
> >
> > We are conferring with post and we'll back to you shortly.
> >
> > LMH

7/3/2006

2 8

Legalnet
Visa Office

-----Original Message-----
**From:** Xavier Racine [mailto:Xavier@gumo.com]
**Sent:** Friday, May 05, 2006 9:02 AM
**To:** legalnet@state.gov
**Subject:** Request for advisory opinion NIV Unit Bogota Colombia

RE: H1b NIV Application

Receipt Number: EAC-05-179-51935
Petitioner:  East West Mortgage
Beneficiary: Hernan Uribe Ruiz
I-129 Approval Date June 14 2005

Dear Sir/Madam:

Thank you for any assistance you can provide regarding the following:
Mr. Uribe Ruiz appeared for an interview at the US Embassy in Colombia with his approval notice from USCIS and supporting documentation and was denied the visa solely because the consular officer stated that a loan officer was not a qualifying occupation for the h1b visa.  There was no issue as to the Beneficiary's qualifications or other matters. **No denial notice was issued** either to counsel or to the applicant and attempts to reach the consulate via fax (5713152127) and email (NIVBogota@state.gov) have not resulted in any responses.  Our firm handles all the h1b petitions for the Petitioner which is the 6th largest Mortgage Broker in the United States with a work force nearing 500 employees and a rapidly expanding team of bilingual loan officers. We represent numerous mortgage companies and in literally the hundreds of h1b petitions we have filed, not once have we seen a determination that a loan officer is not a specialty occupation.  That having been said, while we feel the need for additional evidence should not be necessary (as per FAM notes below), we are ready willing and able to provide any additional documentation to the consulate to support the specialized nature of the position and offered as much in our communication attempts.
Thanks again for any support and clarification you can provide as we expect several dozen h1b consular interviews in this consular post in the coming months.

41.53 N2.1 Department of Homeland Security Responsible for Adjudicating H Petitions (TL:VISA-615; 04-28-2004)
By mandating a preliminary petition process, Congress

2 9

placed responsibility and authority with Department of Homeland Security (DHS) to determine whether the alien meets the required qualifications for "H" status. The DHS regulations governing adjudication of H petitions are complex, and consular officers shall normally rely on DHS expertise in this area.

41.53 N2.2 Approved Petition Is Prima Facie Evidence of Entitlement to H Classification

(TL:VISA-615; 04-28-2004)

a. An approved Form I-129, Petition for Nonimmigrant Worker, or evidence that the H petition has been approved (an acceptable Form I-797, Notice of Action [see 9 FAM 41.53 N9.1 below], or telegraphic e-mail, or telephonic notification from Department of Homeland Security (DHS) or the Department) is, in itself, to be considered by consular officers as **prima facie evidence** that the requirements for H classification which are examined in the petition process have been met. Consular officers do not have the authority to question the approval of H petitions without specific evidence, unavailable to DHS at the time of petition approval, that the beneficiary may not be entitled to status. The large majority of approved H petitions are valid, and involve bona fide establishments, relationships, and individual qualifications that conform to the DHS regulations in effect at the time the H petition was filed.

b. On the other hand, the approval of a petition by DHS does not relieve the alien of the burden of establishing visa eligibility in the course of which questions may arise as to his or her eligibility to H classification. If information developed during the visa interview (e.g., evidence which was not available to DHS) gives the consular officer reason to believe that the beneficiary may not be entitled to status, the consular officer may request any additional evidence which bears a reasonable relationship to this issue. **Disagreement with DHS interpretation of the law or the facts, however, is not sufficient reason to ask DHS to reconsider its approval of the petition.**

Sincerely,

Xavier Racine Esq.
Montagut & Sobral P.C.
www.mslaw.pro
5693 Columbia Pike Suite 201
Falls Church VA 22041
Phone: (703) 820 0550 Ext 14
Fax:    (703) 820 0310

CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

This email contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not

the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email, or the taking of any action in reliance on the contents of this information, may be strictly prohibited by Federal and State law. If you have received this email in error, please reply indicating the same, and delete the message.