UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
EAST WEST MORTGAGE, et. al         )
                                   )
            Plaintiffs,            )
      v.                           )   Case No: 05-2117 (RJL)
                                   )
UNITED STATES EMBASSY              )
IN COLUMBIA, ET. AL                )
et. al,                            )
            Defendants.            )
_____)

## DEFENDANTS' MOTION TO DISMISS FOR MOOTNESS

Pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), Defendants, through counsel, respectfully move to dismiss the above-captioned matter for mootness and lack of subject matter jurisdiction. A memorandum in support of this motion and a proposed order are attached. Because this is a dispositive motion, the undersigned has not sought Plaintiffs' consent before filing it. LCvR 7 (m).

Dated: September 25, 2006          Respectfully submitted,

                                   _____/s/_____
                                   KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                   United States Attorney

                                   _____/s/_____
                                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                   Assistant United States Attorney.

                                   _____/s/_____
                                   ANDREA McBARNETTE, D.C. Bar # 483789
                                   Assistant United States Attorney
                                   Judiciary Center Building
                                   555 Fourth Street, N.W.
                                   Washington, D.C. 20530
                                   (202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EAST WEST MORTGAGE, et. al ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No: 05-2117 (RJL) |
| ) | |
| UNITED STATES EMBASSY ) | |
| IN COLUMBIA, ET. AL ) | |
| et. al, ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR MOOTNESS**

Defendants, the United States Department of State ("State Department"), et al., by and through their undersigned counsel, respectfully request that the Court dismiss Plaintiffs' Petition for Writ of Mandamus ("Petition") on the grounds of mootness and lack of jurisdiction. Plaintiffs challenge the alleged inaction of the Department of State in not making a final determination on his application for an H1b Speciality Occupation Visa ("Visa Application"). Compl. at 1. Plaintiffs "simply seek to compel the consul to render a final decision" on the Visa Application. Compl. at 9.

The Court should dismiss the Petition because the State Department has already processed and denied the Visa Application. Exhibit A. Because Plaintiffs seeks to compel Defendants to make a decision that has already been acted upon and completed, the present action is now moot.

BACKGROUND FACTS

On June 9, 2005, Plaintiff East West Mortgage filed an I-129 petition on behalf of plaintiff, Hernan Uribe Ruiz, a Colombian national. The I-129 petition was approved by DHS on June 14, 2005. Compl. at 14.

On May 2, 2006, Mr. Uribe Ruiz was interviewed at the United States Embassy in Bogata, Columbia, and he was subsequently denied the H1-B visa under section 221(g) of the Immigration and Nationality Act ("INA") (8 U.S.C. 1201(g)).[1]  The consular officer concluded that Mr. Uribe Ruiz had not completed the requisite course work to attain a baccalaureate degree or its equivalent, and further determined that the applicant's mortgage loan officer position in the U.S. does not meet the criteria for an H1-B status as defined in INA § 214(i)(1) (8 U.S.C. 1184(i)(1)) and under 8 C.F.R. 214.2(h)(4)(iii).

In evaluating Mr. Uribe Ruiz's visa application, the counsular officer reviewed the I-129 petition and supporting documentation provided by East West Mortgage and noted that the petitioner did not indicate that the loan officer position is a specialty occupation - one requiring "the attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) for entry into the occupation" under INA § 214(i)(3)(B) (8 U.S.C. 1184(i)(1)) – nor did the petitioner provide any information establishing that the position would qualify for H1-B classification.  8 CFR 214.2(h)(4)(iii).

**I.    Plaintiffs' Petition for Final Determination on the Visa Application is Moot**

The Plaintiffs' action to compel adjudication of the Visa Application is moot, as the State Department  has adjudicated the Visa Application.  In general, "a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1981) (per curiam); Video Tutorial Services v. MCI Telecommunications, 79 F.3d 3, 5 (2d Cir. 1996).  If this occurs, the Constitution's case or

---

[1]  As provided in 22 C.F.R. 42.41, "The approval of a petition by the Immigration and Naturalization Service or by the Department of Labor does not establish that the alien is eligible to receive a nonimmigrant visa."  See also 9 FAM 41.53 N2.2.

controversy requirement (U.S. Const. Art. III, § 2) is not satisfied, and a federal court must dismiss the action for lack of subject matter jurisdiction. Article III of the Constitution restricts federal court jurisdiction to "actual, ongoing controversies." McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001); see Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Honig v. Doe, 484 U.S. 305, 317 (1988)). A case or claim no longer involves an actual controversy, or is considered moot, where events have so transpired that the decision will not presently affect the parties' rights or have a more-than-speculative chance of affecting them in the future. See id.

In the instant case, the only relief sought by Plaintiffs is a court order compelling Defendants to "render a final decision on Plaintiffs' [V]isa [A]pplication." Compl. at 9. The State Department has denied the Visa Application. Exhibit A. For these reasons, Plaintiffs' Complaint is moot.

**II.   This Court Lacks Jurisdiction to Review the Denial or Order a Visa Issued.**

In addition to the fact that the Petition to compel the adjudication of the Visa Application is moot, this Court does not have jurisdiction to review the decision of the consular officer in this case, or the mandamus authority to order that the nonimmigrant visa be issued.

It has long been acknowledged that the decision of a consular officer to grant or deny a visa is not subject to court review. See, e.g., Bruno v Albright, 197 F. 3rd 1153, 1158-1159 (D.C. Cir 1999); Haitian Refugee Center v. Baker, 953 F.2d 1498, 1507 (11th Cir.1992), cert. denied, 502 U.S. 1122 (1992); Perales v. Casillas, 903 F.2d 1043, 1046 (5th Cir. 1990); Centeno v. Schultz, 817 F.2d 1212, 1213 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988); Li Hing of

3

Hong Kong, Inc. v. Levin, 800 F.2d 970 (9th Cir. 1986); Ventura-Escamilla v. INS, 647 F.2d 28, 30 (9th Cir. 1981); Hermina Sague v. United States, 416 F. Supp. 217, 220-21 (D.P.R. 1976)); Rivera de Gomez v. Kissinger, 534 F.2d 518, 519 (2d Cir. 1976), cert. denied, 429 U.S. 987 (1976);London v. Phelps, 22 F.2d 288, 290 (2d Cir 1927), cert. denied, 276 U.S. 630 (1928). The source of the consular nonreviewability doctrine is statutory.  See INA § 104(a) (granting consular officers exclusive authority over the granting or refusal of visas).[2]

    The Court may not reverse the decision of the consular officer in Bogata to refuse the nonimmigrant visa application, nor may the court order the Department of State to instruct the Embassy in Bogata to issue the nonimmigrant visa.  Therefore, the Court should dismiss Plaintiffs' complaint.

---

[2] Not even the Secretary of State nor officials in the Visa Office acting on his behalf have the authority to review or interfere in these decisions.  8.U.S.C. § 1104(a)(1).

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss for mootness and lack of subject matter jurisdiction over Plaintiffs' Petition for Writ of Mandamus to compel the Defendants to render a final decision on the Visa Application.

Dated: September 25, 2006        Respectfully submitted,

                                                              /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                                                              /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

                                                              /s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss for Mootness was filed via the Court's electronic filing system on this September 25, 2006 and is expected to be served by the Court's electronic transmission facilities on:

Aswhraf Nubani
Nubani Law Firm
5029 A Backlick Rd
Annandale, Va 22003
703 658 5151
703 658 9200 (fax)

                                        /S/
                                ANDREA McBARNETTE, D.C. Bar #483789
                                Assistant United States Attorney
                                Judiciary Center Building
                                555 Fourth Street, N.W.,
                                Washington, D.C. 20530
                                (202) 514-7153